**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 1:11-CR-0448-LJO-SKO |
| Plaintiff-Respondent, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| **MICHAEL TORRES,** | |
| Defendant-Petitioner. | ECF No. 53 |

## I. INTRODUCTION

Before the Court is Petitioner Michael Torres' ("Petitioner," "Defendant," or "Torres") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 22, 2016. (ECF No. 53.) On August 23, 2016, the Government filed its opposition. (ECF No. 58.) Petitioner filed a reply on October 24, 2016. (ECF No. 59.) Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion under § 2255.

## II. BACKGROUND

Torres pled guilty, pursuant to a plea agreement, to four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1). (ECF No. 36.) On April 29, 2013, Petitioner was sentenced to a total term of 180 months imprisonment: 96 months for armed bank robbery, to be served consecutively with 84 months for brandishing a firearm during a crime of violence. (ECF Nos. 49 & 50.)

This is Petitioner's first motion under 28 U.S.C. § 2255. (ECF No. 53 at 2.)

# III. LEGAL FRAMEWORK

## A.  28 U.S.C. § 2255

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

## B.  *Johnson II* and *Welch*

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

2

In *Johnson II*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

Recently, the Supreme Court held that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, [*Johnson II*] changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, ___ F. Supp. 3d ____, 2016 WL 3906895 (E.D. Cal. July 18, 2016).

**C.   Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A)**

18 U.S.C. § 924(c)(1)(A) provides, *inter alia*, that any person who in relation to any "crime of violence" uses or carries a firearm, shall in addition to the punishment provided for such "crime of violence," be sentenced to a term of imprisonment of not less than five years, to run consecutively with the punishment for the underlying "crime of violence." If a firearm is brandished in the course of committing the "crime of violence," the consecutive term of imprisonment shall be not less than seven

years (84 months). 18 U.S.C. § 924(c)(1)(A)(ii). If a firearm is discharged, the consecutive term of imprisonment shall be not less than ten years. *Id.* § 924(c)(1)(C)(A)(iii).

For purposes of 18 U.S.C. § 924(c)(1)(A), a "crime of violence" is defined as an offense that is a felony and—

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(a)' clause of section 924(c)(3) as the 'force clause' and to the '(b)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 153 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

## IV. DISCUSSION

Petitioner challenges his sentence on the basis that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) can no longer be deemed a qualifying "crime of violence" for purposes of § 924(c)(1) in light of the Supreme Court's decision in *Johnson II*. (ECF No. 53 at 2.) Although the residual clause in § 924(c)(3)(B) is not identical to the one struck down in *Johnson II*, Petitioner argues that it is very similar and therefore unconstitutionally vague. In response, the Government makes a two-pronged argument. (ECF No. 58 at 6.) First, § 924(c)(3)(B) is not unconstitutionally vague in light of *Johnson II*.[1] Second, Petitioner is not entitled to relief under 28 U.S.C. § 2255 because his conviction for federal armed bank robbery is categorically a crime of violence under the "elements" or "force" clause of § 924(c)(3)(A). Therefore, his conviction and sentence under § 924(c)(1)(A) are not affected by the Supreme Court's decisions in *Johnson II* and *Welch*. Because the second question is dispositive in this case, the Court addresses it first.

To determine whether an offense fits the definition of a "crime of violence," courts employ the

---

[1] The validity of the residual clause in § 924(c)(3)(B) is currently before the Ninth Circuit Court of Appeals in *United States v.Randly Begay*, CA No. 14-10080.

4

"categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (internal citations omitted). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal quotation marks omitted).

According to the Ninth Circuit, the elements of armed bank robbery are:

> (1) the defendant took money belonging to a bank, credit union, or savings and loan, (2) by using force and violence or intimidation, (3) the deposits of the institution were insured by the Federal Deposit Insurance Corporation ("FDIC"), and (4) in committing the offense, the defendant assaulted any person, or put in danger the life of any person by the use of a dangerous weapon.

*United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (citing 18 U.S.C. § 2113(a) & (d)[2]). In

---

[2] Section 2113(a) and (d) provide:

(**a**) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.
. . .
(**d**) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

*Wright*, the Ninth Circuit held that armed bank robbery under 18 U.S.C. § 2113 (a) and (d) qualifies as a crime of violence under the "force" clause of § 924(c)(3)(A). 215 F.3d at 1028. Because "a taking by force and violence, or by intimidation" is an element of armed bank robbery, it necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*; *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) ("[P]ersons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1."). Similarly, in *Selfa*, the court "defined 'intimidation' under § 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." 918 F.2d 749, 751 (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The court then concluded that this definition met the requirement of a "threatened use of physical force" under an identical force clause in the Sentencing Guidelines. *Id.*

Petitioner argues that *Wright* and *Selfa* have been "undermined" by subsequent Supreme Court and Ninth Circuit precedent, including *Johnson v. United States*, 130 S. Ct. 1265 (2010) ("*Johnson I*"), which held that a crime of violence requires "violent physical force." (ECF No. 53 at 4-6.) According to Petitioner, the taking of property through "intimidation" does not satisfy the requirement of "violent physical force" outlined in *Johnson I* because intimidation concerns the perception of the victim rather than the actions or intent of the defendant. (*Id.* at 5 (citing *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012)). However, as two circuit courts have noted, a taking by intimidation *necessarily* "involves the threat to use" violent force. *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) ("A taking 'by force and violence' entails the use of physical force. Likewise, a taking 'by intimidation' involves the threat to use such force."); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence' . . . because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery."). Indeed, recent Ninth Circuit cases decided after *Johnson I* affirm *Wright* and *Selfa*. *See United States v. Steppes*,

651 F. App'x 697, 698 (9th Cir. 2016) (holding federal bank robbery under § 2113(a) is a crime of violence as defined by the identical force clause language in USSG § 4B1.2); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), *as amended* (June 24, 2016) (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*). Therefore, Ninth Circuit case law firmly forecloses Petitioner's argument; the taking of property by intimidation necessarily entails "threatened physical force." *See id.*

Petitioner also argues that armed bank robbery does not require the use of *intentional* violent force, and therefore does not meet the *mens rea* requirement necessary to satisfy the force clause of § 924(c)(3). (ECF No. 53 at 7-8.) The Court disagrees. In *Selfa*, the Ninth Circuit explicitly held that a conviction under § 2113(a) requires *willful* conduct. 918 F.2d at 751. As the Sixth Circuit recently explained, "[i]n the context of § 2113(a), "intimidation" means "conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met by force." *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016). Taking by intimidation requires sufficient "general intent" to satisfy the *mens rea* requirement of the elements clause because it precludes conviction with a reckless or negligent state of mind. *Id.* Petitioner suggests that it is somehow possible to willfully take another's property in a way that puts them in fear of harm without willfully threatening the use of force. (ECF No. 53 at 5.) As an initial matter, despite some confusion in case law, a defendant cannot be convicted of taking property by intimidation if the defendant did not know that his actions were intimidating.[3] *See Carter v. United States*, 530 U.S. 255, 268 (2000) (holding that § 2113 requires "proof of general intent—that is, that the defendant possessed knowledge with respect to the *actus reus*

---

[3] Petitioner cites *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996) for the proposition that bank robbery can be committed by recklessly engaging in intimidation. (ECF No. 59 at 3-4.) However, the Fourth Circuit later clarified in *McNeal*, that "[a] fair reading of *Woodrup* does not compel that interpretation." 818 F.3d at 155. The Court noted that the question in *Woodrup* was whether bank robbery by intimidation requires a *specific* intent to intimidate. *Id.* The defendant clearly knew that his conduct was intimidating and thus the general intent requirement was satisfied. *Id.* As the *McNeal* court concluded, in *Woodrup* the court had, "no occasion to consider whether bank robbery requires general intent (i.e., knowledge) with respect to intimidation." *Id.* The Supreme Court later ruled in *Carter v. United States*, 530 U.S. 255, 268 (2000) that only general intent – or knowledge – is required to sustain a conviction under § 2113. *Woodrup* does not support Petitioner's argument that a defendant could be convicted of bank robbery without general intent.

7

of the crime (here, *the taking of property of another by* force and violence or *intimidation*)") (emphasis altered); *see also McNeal*, 818 F.3d at 155 ("to secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating"); *McBride*, 826 F.3d at 296 ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force."). Second, the mental contortions required to imagine such a situation suggest that it is implausible. Supreme Court precedent requires Petitioner to present a "realistic probability, not a theoretical possibility" that a conviction under § 2113(a) & (d) could be sustained without demonstrating intentional threatened force. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Petitioner has not done so here.

Since the Supreme Court's decision in *Johnson II* invalidating the residual clause of the ACCA, other district courts in this circuit have likewise concluded that § 2113(a) & (d) are categorically crimes of violence under the elements clause of § 924(c). *See United States v. Savage*, No. LA CR 08-00258-VBF, 2017 WL 130008, at *36 (C.D. Cal. Jan. 12, 2017), *judgment entered*, No. LA CV 16-03864-VBF, 2017 WL 120691 (C.D. Cal. Jan. 12, 2017) ("a defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes merely threatened use of force is an element of every bank robbery" (internal quotation marks and citations omitted)); *Daniels v. United States*, Nos. 11-CR-470-H-2, 16-CV-1454-H, 2016 WL 6680038 (S.D. Cal. Nov. 14, 2016); *United States v. Abdul-Samad*, No. 10CR2792 WQH, 2016 WL 5118456, at *4 (S.D. Cal. Sept. 21, 2016); *United States v. Watson*, No. 14-00751-01 DKW, 2016 WL 866298, at *6-7 (D. Haw. Mar. 2, 2016); *United States v. Charles*, No. 3:06-CR-00026 JWS, 2016 WL 4515923, at *1 (D. Alaska Aug. 29, 2016). Other circuit courts have reached the same conclusion. *McNeal*, 818 F.3d at 153 ("[B]ank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)."); *McBride*, 826 F.3d at 296 ("A taking by intimidation under § 2113(a) . . .

involves the threat to use physical force."); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) ("[A] conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)"). This Court is bound by *Wright* and *Selfa*, which remain good law. *See Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority...has no choice but to follow it.") Therefore, bank robbery either by "force or violence" or by "intimidation" satisfies the requirement of § 924(c)(3)(A) that the underlying felony offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Selfa*, 918 F.2d at 751.

Section 2113(a) is a crime of violence under the elements clause of § 924(c)(3)(A). Because bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of violence under the force clause. *McNeal*, 818 F.3d at 157. Therefore Petitioner's sentence under § 924(c)(1)(A) was not imposed in violation of the Constitution or the laws of the United States. *Wright*, 215 F.3d at 1028. Accordingly, because Petitioner's sentence is not unconstitutional, the Court need not address whether *Johnson II* invalidated the residual clause in § 924(c)(3)(B), nor whether Petitioner waived his right to collaterally attack his sentence. The Court **DENIES** Petitioner's § 2255 motion.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted). The Court is also mindful of the "relatively low" threshold for granting a certificate of appealability. *Jennings v. Woodford*, 290 F.3d 1006, 1010

(9th Cir. 2002).

Although the Court denies Petitioner's § 2255 motion on the merits, the Court concludes that reasonable jurists could find the Court's assessment of Petitioner's claims debatable and that the questions presented are adequate to proceed. Accordingly, the Court GRANTS Petitioner a certificate of appealability.

## VI. CONCLUSION AND ORDERS

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Michael Torres's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 53) is **DENIED**. However, the Court **GRANTS** to Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

    Dated:   **January 31, 2017**                     /s/ Lawrence J. O'Neill
                                                                  UNITED STATES CHIEF DISTRICT JUDGE